UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LABORERS LOCAL UNION NO. 110,           )
                                        )
      Plaintiff                     )
                                        )
v.                                      )
                                        ) Case No.
DIESTELKAMP CONTRACTING, LLC, and       )
                                        )
BG UTILITIES, LLC,                      )
                                        )
      Defendants.                   )

## **COMPLAINT**

Comes now plaintiff Laborers Local Union No. 110 (Local 110), by counsel, and for their cause of action against defendants state:

1.      Laborers Local Union No. 110, Laborers International Union of North America, AFL-CIO (Local 110), is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

2.      Defendant Diestelkamp Contracting, LLC (Diestelkamp) is a Missouri limited liability corporation that conducts business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

3.      Defendant BG Utilities, LLC (BG Utilities) is a Missouri limited liability corporation that conducts business within this judicial district. Defendant is an employer in an industry affecting commerce within the meaning of Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

4.      This Court has jurisdiction by reason of Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Local 110 is suing for violation of a contract with defendant.

5.      At all times material, Diestelkamp was bound by the provisions of a collective bargaining agreement requiring exclusive recognition of the Laborers union as the representative of employees performing laborers' work, union security, specified wages to employees, monthly payments to affiliated employee benefit funds in specified amounts and the submission of monthly report forms.  These requirement apply not only for direct employees; the latter three requirements apply also for employees of subcontractors.

6.      Per the collective bargaining agreement, the union (in this case, Local 110) shall be permitted to perform a financial examination of any subcontractor's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

7.      Per the collective bargaining agreement, Diestelkamp is required to pay liquidated damages of twenty percent (20%) on delinquent contributions and supplemental dues.

8.      Per the collective bargaining agreement, if requested by the plaintiff, Diestelkamp is required to submit to a financial examination of its books and records periodically to insure that wages and employee benefit payments have been properly made in accordance with the terms of the agreement.

9.      On information and belief, Diestelkamp and BG Utilities perform the same or substantially similar work with the same or substantially similar employees using the same or substantially similar tools and equipment under the same or substantially similar management and

2

direction for the same and substantially similar customers. Moreover, Diestelkamp and BG Utilities are family-run entities working from the same office building.

10. Therefore, BG Utilities is a legal alter ego of, or single or joint employer with, Diestelkamp.

11. Because these two entities are alter egos, single employers or joint employers of one another, and not legally separate entities, they are bound by the same collective bargaining agreement.

12. BG Utilities has failed to comply with the exclusivity and union security provisions of the bargaining agreement, has failed to submit the required employee benefit contribution reports, has failed to pay the required contributions, and may have failed to pay the contractual wage rate – all for multiple employees (employed by both BG Utilities and Diestelkamp) for numerous months dating back to at least December 2022.

13. Plaintiff believes that BG Utilities owes a great deal in dues, wages, employee benefit contributions, liquidated damages, and interest to the plaintiff and its members and affiliated funds, but it is impossible to know the exact amount owed without an accounting of BG Utilities.

14. Alternatively, BG Utilities is a subcontractor to Diestelkamp.

15. If BG Utilities is a subcontractor to Diestelkamp, then Diestelkamp has failed to submit a report or contributions on behalf of persons performing laborers work for BG Utilities at multiple locations commencing around late 2022, and has otherwise failed to comply with the collective bargaining agreement with regard to this subcontractor.

3

16.     Absent an accounting of Diestelkamp's and BG Utilities' books and records, it is impossible to determine the amount that defendants owe on behalf of the laborers they employed, or the accuracy of amounts Diestelkamp has reported since the last accounting.

17.     Whether BG Utilities is a subcontractor or an alter ego, joint employer or single employer with Diestelkamp, plaintiff is entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to the terms of the collective bargaining agreement.

WHEREFORE, plaintiff prays the Court as follows:

1.      For an accounting of defendants' books and records for the time period of June 2022 to date and a corresponding judgment against defendants for amounts shown by that accounting to be due;

2.      For an order requiring defendants to comply with the collective bargaining agreement, including by compliance with union security and by making wage and benefit fund payments in the future in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

3.      For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §§185, 502(g);

4.      For such other and further relief as the Court may consider appropriate under the circumstances.

Respectfully submitted,

**WORKERS RIGHTS LAW FIRM LLC**
2258 Grissom Drive
St. Louis, Missouri 63146
Phone:  (314) 824-0348
Fax:     (314) 828-1029


/s/ Sherrie A. Hall
SHERRIE A. HALL, #40949
sherrieworkersrights@gmail.com
Attorney for Plaintiff

5